CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys For Plaintiff


FOX ROTHSCHILD LLP
Andrew W. Russell, State Bar No. 280669
arussell@foxrothschild.com
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310-598-4150
Facsimile: 310-556-9828

SHERIN AND LODGEN LLP
Matthew C. Moschella, MA BBO No. 653885
(Pro Hac Vice)
mcmoschella@sherin.com
101 Federal Street
Boston, MA 02110
Ph: (617) 646-2000
Fx: (617) 646-2222

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker,**<br><br>    Plaintiff,<br><br>v.<br><br>**DavidsTea (USA) Inc.**, a Delaware Corporation; and Does 1-10,<br><br>    Defendants. | Case No. 2:19-cv-02914-R-GJS<br><br>**Joint Report (Rule 26) for Scheduling Conference**<br><br>Honorable Judge Manuel L. Real |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and having

met and conferred through their respective attorneys of record personally on August 2, 2019, the Parties hereby submit their Joint Rule 26 Report.

### a) Short Synopsis of the Principal Issues

<u>Plaintiff</u>: Brian Whitaker suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. Defendant DavidsTea (USA) Inc. owns DavidsTea ("Store") located at or about 21540 Hawthorne Blvd., Torrance, California.

The Store has sales and service counters where it handles its transactions with customers. On the date of the plaintiff's visit, the defendants did not provide accessible sales and service counters in conformance with the ADA Standards.

The defendant's failure to provide for accessible sales and service counter at the Store is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, he seeks injunctive relief and the statutory minimum damage award under the Unruh Civil Rights Act.

<u>Defendant</u>: Defendant contends that its store location at 21540 Hawthorne Blvd. complies with all accessibility standards and there are no accessibility barriers that would subject Defendant to liability under any Federal or state law.

### b) Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

### c) Legal Issues

The principal legal issues are: (1) whether the defendants are responsible under the law to remove barriers; (2) whether the plaintiff has standing to seek either damages or injunctive relief; (3) whether the barriers are readily achievable to remove; and (4) the nature and extent of damages, if any.

### d) Parties, Evidence, Etc.

<u>Plaintiff</u>: Other than the plaintiff himself, the only "witness" would be Evens Louis, investigators for plaintiff's counsel who took photographs of the subject property following complaint from the plaintiff and as part of the prefiling process. The documents that the plaintiff has would be photographs taken by Evens Louis.

<u>Defendant</u>: Further discovery will be necessary to determine whether there may be any additional witnesses who may have observed Plaintiff and/or his representatives in their alleged visit to Defendant's store location. Defendant anticipates that the relevant evidence includes, but is not limited to, the physical store location itself, as well as architectural plans demonstrating the lack of any accessibility barriers. Defendant does not anticipate the addition of any additional parties at this time, but reserves its right to do so, should any be discovered in the scope of discovery.

**e) Insurance**

None.

**f) Magistrate Judge**

<u>Plaintiff</u>: consents to have a Magistrate Judge preside over this case at this time.

<u>Defendant</u>: does not presently consent to have a Magistrate Judge preside over this case at this time but reserves its right to consent to use of a Magistrate Judge in the future.

**g) Discovery Plan**

1. <u>Disclosures</u>

The Parties do not seek any changes to the form or requirements for initial disclosures. The Parties consent to exchange initial disclosures via email within two weeks from the filing of this Joint Report.

2. <u>Discovery Subjects</u>

<u>Plaintiff</u>: intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible sales and service counter at the Store; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendants and to conduct an expert site inspection.

<u>Defendant</u>: intends to seek both written and oral discovery pertaining from Plaintiff and any investigators or other persons who may

have knowledge regarding Plaintiff and/or his allegations regarding alleged accessibility barriers at Defendant's store location.

The Parties do not propose to conduct discovery in phases. The Parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The Parties propose a discovery cut-off date of August 10, 2020.

3. Changes in Limitations on Discovery

The Parties request that rule FRCP 33(a)(1) limits be increased to 45 for both parties. The Parties otherwise requests no deviation from the Federal and Local Rules.

4. Discovery cut-off and Expert Discovery

The Parties propose a final discovery completion date for non-expert discovery of July 6, 2020. The Parties an Initial Disclosure of Expert Witnesses date of June 15, 2020, and a Rebuttal Disclosure of Expert Witnesses and Report of July 13, 2020, with expert witness discovery to be completed by August 10, 2020.

**h) Motions**

Plaintiff: intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

<u>Defendant</u>: reserves its right to file a motion for summary judgment or partial summary judgment.

**i) Class Certification**

N/A

**j) Dispositive Motions**

<u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

<u>Defendant</u>: anticipates the filing of a motion for summary judgment or partial summary judgment on the basis that Plaintiff's claims fail as a matter of law.

**k) Settlement/Alternative Dispute Resolution (ADR)**

<u>Plaintiff</u>: believes that L.R. 16-15.4, Settlement Procedure Number 2— settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

<u>Defendant</u>: believes that L.R. 16-15.4, Settlement Procedure Number 1— settlement proceedings before the district or magistrate judge assigned to the case—should be utilized in this case.

**l) Pretrial Conference and Trial**

| Matter | Proposed Dates |
|---|---|
| Discovery Cut Off Date (including experts) | 8/10/2020 |
| Last day to have motions heard | 8/31/2020 |

| Pretrial Conference | 10/5/2020 |
| Trial | 10/20/2020 |

**m) Trial Estimate:**

A bench trial has been requested and the Parties anticipate a 2-3 day court trial, on or about October 20, 2020.

**n) Trial Counsel:**

Trial counsel for Plaintiff is Raymond Ballister, Jr.

Trial counsel for Defendant is Matthew Moschella.

**o) Independent Expert or Master:**

This is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

**p) Other Issues:**

There are no other issues affecting the status or management of the case and the Parties have no proposals concerning severance, bifurcation or other ordering of proof.

Dated: August 16, 2019            CENTER FOR DISABILITY ACCESS


By: __/s/Dennis Price_
Dennis Price
Attorney for Plaintiff


Dated: August 16, 2019            FOX ROTHSCHILD LLP


By: __/s/Andrew W. Russell_
Andrew W. Russell
Attorney for Defendant

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: August 16, 2019                    CENTER FOR DISABILITY ACCESS

                                              By: */s/Dennis Price*
                                              Dennis Price
                                              Attorney for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 4/27/2020 |
| Non-Expert Discovery Cut-Off | 15 | 7/6/2020 |
| Expert Discovery Cut-Off | 10 | 8/10/2020 |
| Last Day to Conduct Settlement Proceedings | 10 | 8/10/2020 |
| Last Day for Law and Motion Hearings | 7 | 8/31/2020 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 10/5/2020 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 10/12/2020 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 10/16/2020 |
| Trial **(Tuesday at 9:00 a.m.)** | | 10/20/2020 |